## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE FEDERAL DISTRICT OF PUERTO RICO

IN RE:

| | | |
|---|---|---|
| ADELIX M. MERCADO NIEVES AND DAYANARA SANTIAGO ECHEVARRIA | * | CASE NO. 05-06189-GAC |
| | * | |
| Debtors | | CHAPTER 7 |
| _____ | * | |

## INFORMATIVE MOTION

**TO THE HONORABLE COURT**:

Comes now creditor Cooperativa de Ahorro y Crédito de Cabo Rojo, by and its undersigned attorney, who respectfully SHOWS AND PRAYS:

1. Creditor was notified of Debtors' Sur Reply to Creditor's Motion Entitled Motion in Opposition to Reopen Case.

2. Upon filing this captioned case, debtors did not list the loan with creditor, in which they were co-debtors to Pablo Y. Aguilar Matos in Schedule F.

3. Creditor filed its Notice of Appearance and Agreement of Surrender of Shares.

4. Case was discharged and closed on October 11, 2005.

5. Creditor filed Amended Schedule F, which included the debt mentioned in paragraph 2 of this motion, on May 15, 2006 after case was discharged. No Certificate of Service was filed and creditor did not receive this information.

6. As stated of Section 524(a)(2) of the Code provides that a discharge under Title 11 *"operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharged of such debt is waived"*, at that moment the debt has not been listed in Schedule F so it had not been waived by the discharged received. Such protection was received at the moment in which debt was listed in Schedule F on May 15, 2006 after discharge had been entered on October 11, 2005.

7. Creditor filed case for collection of monies in the state court and debtors were notified. Although fellow legal representative states that debtors gave creditor the opportunity to stop the collection of monies, motion with attachments filed in said case did not inform them about Amended Schedule F nor was included as an attachment.

8. Creditor did not file the state court in bad faith, but made a mistake by not checking bankruptcy case docket after being discharged. Since no certification of service was received on Amended Schedule F, creditor did not know that the debt has been included in above captioned case after receiving the discharge.

9. Creditor filed Motion to Desist in state court on September 19, 2008.

10. Creditor respectfully prays from this Honorable Court to accept our apology for this honest mistake and grant creditor's Motion in Opposition to Reopen Case.

**WHEREFORE**, it is respectfully prayed to take notice of this motion and grant the same.

**WE HEREBY CERTIFY**: that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system: Ms. Nydia González Ortiz, 11 Betances St., Yauco, PR 00698 and Mr. John A. Zerbe, Trustee, 165 Ave de Diego, Urb. San Francisco, Río Piedras, PR 00927. Parties may access this filing through the Court's system.

DATED: September 30, 2008

*/s/Damaris Quinones-Vargas*
DAMARIS QUIÑONES VARGAS, Esq.
damarisqv@prtc.net:
Box 429, Cabo Rojo, PR 00623
Tel. 787-851-7866 Fax 787-851-1717